## Obert *v.* Hammermill Paper Co., Appellant.

*Negligence—Master and servant—Safe place to work—Case for jury.*

Where in an action for personal injuries brought by a workman against his employer, it appeared that while at work upon a papermaking machine, plaintiff was compelled to stand upon a running board in front of the machinery, and that by reason of the insecure and improper fastening of the board to the frame which supported it, the board slipped and caused plaintiff to fall upon other moving machinery, whereby the injuries complained of resulted, the case was properly submitted to the jury and a verdict and judgment for plaintiff was sustained.

Argued April 26, 1915. Appeal, No. 478, Jan. T., 1914, by defendant, from judgment of C. P. Erie Co., Nov. T., 1912, No. 53, on verdict for plaintiff in case of Oscar B. Obert v. Hammermill Paper Company. Before MESTREZAT, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion of BENSON, J., sur defendant's motion for a new trial and for judgment n. o. v.

· This is an action of trespass, brought by the plaintiff, Oscar B. Obert, to recover damages which he claims to have sustained by reason of an injury which he received while in the employ of the defendant company, as a paper maker, on the 21st day of December, 1911.

At the time of the accident, the plaintiff had charge of and was operating a paper making machine in the plant of the defendant company in the City of Erie, Pennsylvania. The machine, upon which the plaintiff was working, was about 125 to 150 feet in length and composed of three parts or presses, which presses were referred to in the evidence as press number one, two and three. Each of the parts is composed of one large pair of felt rolls termed the "press" and in addition thereto, a series of similar rolls or presses termed "driers," there being on the entire machine in addition to the three principal rolls or presses, twenty-five or more driers distributed along the entire length of the machine, through which the paper passed in the course of its manufacture. Arranged at convenient intervals along the side of the frame or housing of the machine, were foot-boards or steps to enable the operator to pass forward and backward from the one set of presses and driers to another, in following the course of the paper through the machine. These foot-boards or steps attached to the machine about twenty to twenty-six inches above the floor, were necessary for the reason that the course of the paper through the press was at such an elevation that it could not be reached by the operator from the floor.

The foot-board or step is made of iron, being about fifty-four inches long by thirteen inches wide, and on the inner side is a flange at right angles with the top or surface of the step containing two slots. The step itself being held in position at the side of the machine by two wrought iron brackets or dowels bolted on to the frame of the machine and slipped through the corresponding slots on the flange of the step, permitting the step to rest loosely upon the brackets. The foot-board opposite the third press, where the accident occurred, was at an elevation from the floor of twenty-six inches. The next step or foot-board was placed opposite or nearly opposite the drier of the third press, a distance of about

thirty-two inches from the step of the third press and at an elevation of about twenty inches above the floor.

It is the custom of the operator to pass along the side of the machine by stepping from one foot-board to another in either direction. The evidence for the plaintiff tends to show that the brackets upon which the foot-board or step of the third press rested, fitted loosely into the slots on the flange of the step, and for this reason a very slight pressure was sufficient to displace or cause the step to slip from the brackets when used by the operator in stepping upon it from another step. This evidence is corroborated by the introduction in evidence by the defendant of a step, testified to be similar in construction to the step on the third press of the machine in use by the operator at the time of the accident, but admittedly not the step in use at the time of the accident. The step introduced in evidence by the defendant was easily displaced by a slight kick or pressure.

The machine, upon which the plaintiff was working, was known as a Moore & White, and had been recently installed in the plant of the defendant company, and had been in operation under the charge of the plaintiff for about fifteen days. The evidence for the plaintiff further shows that on machines of like character to the one in use, and which are in general use in the paper making trade, the steps are in some way fastened or made secure to the brackets by dowels, bolts or set-screws, in such a way as to prevent slipping of the steps from the brackets. It is further shown that the plaintiff had no knowledge, or means of knowledge, that this step was not so secured in the customary way.

The evidence also shows that the paper in its course through the machine frequently breaks, which makes it necessary for the assistant or operator to step backwards on the machine from one step to the other to secure and start the paper on its course again through the presses and driers. On the day of the accident, this had occurred several times, and the back tender or assistant

failing to get the paper started, the plaintiff attempted to step backward from the drier foot-board or step of the third press to the step or foot-board of the third press, in order to start the paper on its course. When he placed his foot upon the foot-board or step of the third press, one end of the step slipped from the brackets, causing him to lose his balance, and he was thereby thrown between the press and drier and his right hand caught in the rolls of the third press and crushed to such an extent that it was necessary to amputate two fingers and a part of the third finger; his hand and wrist were also badly bruised and lacerated.

We are aware that the servant assumes those risks which are incident to his services, as he is supposed to have contracted upon those terms; and included among such incident risks are those dangers arising from latent defects not known to the master and which he would not have discovered by the exercise of reasonable care. The injuries resulting from such defects are regarded as accidents, mere casualties, and the resultant misfortune must rest upon the servant. However, the servant does not assume those risks which arise from structural defects which are or by the use of reasonable care and inspection, ought to be known to exist by the master. The degree of care required by the master differs from that required by the servant; it being the absolute duty of the master to provide a safe place in which to work, together with safe machinery and appliances, and to maintain and keep the same in a reasonably safe condition by inspection and repair. The servant on the other hand may assume that the master has done his whole duty in this respect and is therefore not bound to exercise an active inspection of the place and appliances, and consequently he assumes only those risks which are obvious and known to both, or which by the use of ordinary care, should be known to both parties.

The particular negligence complained of in this case was the improper construction of the step in failing to

properly fasten it to the brackets or dowels to prevent slipping. A machine of this character consisting of so many pairs of rolls, is admittedly a dangerous one and would naturally call for a high degree of care on the part of the master in looking after and making secure the steps which the operator is compelled through necessity to use in operating the machine, and as to whether the step on this machine was of proper construction under the evidence in this case, was clearly a question for the jury.

It is the duty of the master to maintain a reasonably safe place to work, and whether or not the defendant company in this case discharged their whole duty, we believe was a case for the jury, for as held in Gilbert v. Elk Tanning Co., 221 Pa. 176, the rule was stated as follows:

"The duty to provide a safe place to work and to maintain it in a reasonably safe condition by inspection and repair is a direct, personal and absolute obligation from which nothing but performance can relieve an employer, and the person to whom it is delegated becomes a vice-principal whose neglect is the neglect of the employer."

And in Bardsley v. Gill, 218 Pa. 56, the Supreme Court lays down the following:

"Servants may assume that all instrumentalities are fit and suitable for the use to which the master applies them, and that they are properly adjusted to each other. If a servant uses such instrumentalities in a proper manner, he cannot be charged with contributory negligence."

From this we must conclude that the defendant company utterly failed to provide reasonably safe appliances for the plaintiff. Ordinary prudence and care for the safety of their employees would seem to require that the step in question should in some way be fastened or secured to prevent slipping and accident, and that proper inspection and care on the part of the master would

certainly have disclosed the fact that the step was not reasonably safe for the purpose for which it was intended. And this, because of the fact that other machines used in the trade had appliances for fastening the step and preventing slipping.

We are therefore of the opinion that the case was properly submitted to the jury and that the rules for new trial and judgment non obstante veredicto should be discharged.

Verdict for plaintiff for $4,000 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing to direct verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*N. P. Rossiter,* of *Rossiter, Thompson and Rossiter,* for appellant.

*John B. Brooks,* with him *Charles H. English,* for appellee.

PER CURIAM, May 10, 1915:

The judgment is affirmed on the opinion of the learned court below discharging the rule to show cause why judgment should not be entered for the defendant non obstante veredicto.